UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Linda Jean Hendricks, | ) | Civil Action No.: 0:14-cv-01896-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's motion [ECF #28] for attorney fees under 42 U.S.C. § 406(b)(1). Plaintiff's counsel requests an attorney fee award of $15,808.50, which represents 25% of the past due benefits for Plaintiff. Plaintiff's counsel previously requested an attorney fee award under the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, in the amount of $3,619.33. However, Plaintiff's counsel indicates she never received the payment because Plaintiff apparently owed a debt to the federal government. On January 5, 2017, Defendant filed a response in support requesting that the Court authorize a payment to Plaintiff's counsel in the amount of $15,808.50.

Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). In *Gisbrecht v. Barnhart*, the Supreme Court held that § 406(b) sets a statutory ceiling for attorney fees in social security cases of 25 percent of past-due benefits and calls for court review of contingency fee agreements to assure that the agreement yields

reasonable results in particular cases. 535 U.S. 789, 807 (2002). Contingency fee agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 807. When the contingency fee agreement and requested fee do not exceed 25 percent of the past-due benefits, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. Even where the requested fee does not exceed 25 percent of past-due benefits, "a reduction in the contingent fee may be appropriate when (1) the fee is out of line with the 'character of the representation and the results ...achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case'" (i.e., the "windfall" factor). *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (citing *Gisbrecht*, 535 U.S. at 808).

In considering whether plaintiff's counsel would receive a "windfall" from the contingency fee agreement, the Court is mindful of the fact that "contingency fees provide access to counsel for individuals who would otherwise have difficulty obtaining representation." *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 245 (4th Cir. 2010). As the district court noted in *Wilson v. Astrue*,

> there are occasions in the practice of representing claimants where a 25 percent contingent fee agreement is reached between the claimant and counsel, but no fee is awarded because of the result achieved in the case. Thus, adherence to the 25 percent contingent fee allowed by statute in a successful case such as this one recognizes the realities facing practitioners representing social security claimants and sustains those practitioners so as to allow them to continue to make their services available to other claimants.

622 F. Supp. 2d 132, 136-37 (D.Del. 2008); *see also Gisbrecht*, 535 U.S. at 804 (recognizing that "the marketplace for Social Security representation operates largely on a contingency fee basis").

Turning to Plaintiff's counsel's fee request, the Court notes that Plaintiff and Plaintiff's counsel entered into a contingency fee agreement dated April 30, 2014, which provided that if Plaintiff or her family received any back benefits after remand or reversal from the federal court, then Plaintiff agreed to pay Plaintiff's counsel 25% of past-due benefits due to Plaintiff and her family. [ECF #28-2]. Plaintiff's counsel obtained a successful result for Plaintiff and obtained approximately $91,514.80 in past-due benefits according to the Notice of Award. [ECF #28-3]. There is no indication that counsel caused any unusual delays in the case. The Magistrate Judge recommended affirming the ALJ's decision denying Plaintiff social security benefits. Plaintiff's counsel filed objections to the Magistrate Judge's Report and Recommendation. Upon consideration of Plaintiff's objections, this Court respectfully declined to follow the Magistrate Judge's recommendation, reversed the ALJ's decision denying benefits, and remanded for further proceedings. On remand to the ALJ, Plaintiff was awarded social security benefits to include past-due benefits from May 2010 through September 2016. The Court concludes that Plaintiff's counsel provided thorough and adequate representation of Plaintiff. Plaintiff's counsel's fee request is reasonable and not in excess of 25% of Plaintiff's past due benefits.

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion [ECF #28] for attorney fees under 42 U.S.C. § 406(b)(1).

**IT IS SO ORDERED**.

January 5, 2017                                      s/ R. Bryan Harwell
Florence, South Carolina                             R. Bryan Harwell
                                                     United States District Judge

3